UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MR. DAVID LOPIANO, : <br> : <br> *Plaintiff,* : <br> : <br> v. : <br> : <br> CBTS TECHNOLOGY SOLUTIONS, : <br> LLC AND ONX USA, LLC d/b/a : <br> ONX ENTERPRISE SOLUTIONS, : <br> : <br> *Defendants.* : <br> : | C.A. No.: **3:18-cv-1757** <br><br><br><br> **OCTOBER 25, 2018** |

## COMPLAINT

1. This action arises out of violations of The Americans with Disabilities Act, 28 U.S.C. § 12101 *et seq*. and Connecticut General Statute § 46a-60 *et seq*.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 12117 *et seq.,* 28 U.S.C. § 1331 *et seq.*, and supplemental jurisdiction over the remaining State claims pursuant to 28 U.S.C. § 1367 *et seq.*

3. Venue of this action lies in the District of Connecticut pursuant to 28 U.S.C. § 1391 *et seq*.

## PARTIES

4. Plaintiff, David Lopiano (hereinafter "Plaintiff"), is a resident of the State of Connecticut and a United States citizen.

5. Defendant, CBTS Technology Solutions, LLC (hereinafter "Defendant CBTS") is a corporation doing business in the State of Connecticut. Upon information and belief, CBTS is the successor company to the now dissolved entity, Cincinnati Bell Technology Solutions, Inc.

1

6. Defendant, OnX USA, LLC (hereinafter "Defendant OnX") is a corporation doing business in the State of Connecticut as OnX Enterprise Solutions.

7. From time to time hereafter, Defendants' CBTS and OnX shall be referred to collectively as "Defendants."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On January 29, 2018, Plaintiff caused to be filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Connecticut Commission on Human Rights and Opportunities ("CHRO") Charges of Discrimination against Defendants for disability discrimination and retaliation.

9. On or about August 24th and 28th, 2018, respectively, the CHRO and EEOC released their jurisdiction over the aforementioned Charges of Discrimination.

10. This cause of action is filed with this Court within ninety (90) days of the aforementioned releases of jurisdiction.

## COUNT I:  DISABILITY DISCRIMINATION (Americans with Disabilities Act, 28 U.S.C. § 12101 *et seq.*)

11. Plaintiff began working for Defendants on or about July 31, 2013.

12. At the time of his hire, Plaintiff's job title was Strategic Solutions Architect.

13. In or around September 2014, Defendants promoted Plaintiff to Director of Solutions Architecture – East Region ("Director").

14. As part of the responsibilities of a Director, Defendants assigned to Plaintiff supervisory duties over at least seventeen subordinate employees.

15. From the date of his hire until March 2016, Defendants never disciplined Plaintiff for any employment-related infraction or deficiency.

16. From the date of his hire until March 2016, Plaintiff performed his job duties and responsibilities in at least a satisfactory manner.

17. On or about March 11, 2016, Plaintiff became permanently disabled when he suffered an off-the-job injury that left him paralyzed and confined to a wheelchair.

18. Plaintiff's paralysis substantially limits his ability to perform several major life activities including, but not limited to, standing and walking.

19. As a result of his paralysis, Plaintiff was required to take a Defendants-approved medical leave of absence.

20. In or about November 2016, Plaintiff returned to work.

21. Subsequent to his return to work, Plaintiff was able to perform the essential functions of his job as Director with or without reasonable accommodation.

22. Subsequent to his return to work, Defendants never formally disciplined Plaintiff for any employment-related infractions or deficiencies.

23. Subsequent to his return to work, Plaintiff performed his job duties in at least a satisfactory manner.

24. Shortly after his return to work, on or about November 15, 2016, Defendants informed Plaintiff that he was being demoted from his Directorship to Principal Architect Services Portfolio Development (hereinafter "Principal Architect"). As a result of this demotion, Plaintiff lost job responsibilities including, but not limited to, his supervisory role. Plaintiff was never told the reason for the demotion. Further, upon information and belief, other similarly-situated employees were not demoted.

25. Despite the demotion, Plaintiff nevertheless began performing the job duties and responsibilities of a Principal Architect.

26. From about November 2016 to May or June 2017, Plaintiff was able to perform the essential functions of a Principal Architect with or without reasonable accommodation.

27. Defendants never formally disciplined Plaintiff for any employment-related infractions or deficiencies during the time Plaintiff was performing the job duties of a Principal Architect.

28. Plaintiff performed the duties of a Principal Architect in at least a satisfactory manner.

29. Nevertheless, in or about May or June 2017, Defendants informed Plaintiff that it was eliminating his position as Principal Architect. Defendants offered Plaintiff a different position entitled "Service Catalog Manager" (hereinafter "Service Manager"). This position came not only with a reduction in responsibility, but also a reduction in pay. Upon information and belief, other similarly-situated employees were neither demoted nor suffered pay reductions.

30. Subsequent to his demotion, Plaintiff complained to Ms. Jane Baylis, Defendants' Senior Director of Human Relations ("Baylis"). Specifically, Plaintiff stated that he believed his demotion to Service Manager was an act of discrimination because of his disability. Despite his complaint, neither Ms. Baylis nor the Defendants took any prompt, effective remedial measures to address his complaint.

31. Thereafter, Plaintiff began performing the job duties and responsibilities of a Service Manager.

32. Plaintiff was able to perform the essential functions of a Service Manager with or without reasonable accommodation.

33. Defendants never formally disciplined Plaintiff for any employment-related infractions or deficiencies during the time Plaintiff was performing the job duties of a Service Manager.

34. Plaintiff performed the duties of a Service Manager in at least a satisfactory manner.

35. Nevertheless, on or about December 5, 2017, Defendants informed Plaintiff that his position as Service Manager was being eliminated. At that time, Defendants provided no explanation for the decision.

36. On or about December 29, 2017, Defendants informed Plaintiff that his termination from employment would be effective January 1, 2018. Defendants informed Plaintiff that the reason for the termination was due to "reorganization." However, upon information and belief, other similarly situated employees were not terminated.

37. Plaintiff's employment was, in fact, terminated on January 1, 2018.

38. At all times relevant, Plaintiff performed his job duties and responsibilities in at least a satisfactory manner.

39. At all times relevant, Plaintiff was able to perform the essential functions of his jobs with or without reasonable accommodation.

40. By the aforesaid actions, Defendants have violated the Americans with Disabilities Act by discriminating against Plaintiff because of his disability, said discrimination including, but not being limited to, Plaintiff's demotions and ultimate termination from employment.

41. Plaintiff has been harmed as a direct and proximate result of Defendants intentional and discriminatory conduct.

**COUNT II:  RETALIATION (Americans with Disabilities Act, 28 U.S.C. § 12101 *et seq.*)**

42. Plaintiff incorporates by reference Paragraphs 1 through 41 as if fully set forth herein.

43. By the aforesaid actions, Defendants have violated the Americans with Disabilities Act by retaliating against Plaintiff because of his opposition to Defendants' discriminatory practices.

44. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional and retaliatory conduct.

**COUNT III:  DISABILITY DISCRIMINATION (CGS § 46a-60 *et seq.*)**

45. Plaintiff incorporates by reference Paragraphs 1 through 44 as if fully set forth herein.

46. By the aforesaid actions, Defendants have violated CGS § 46a-60 by discriminating against Plaintiff because of his disability said discrimination including, but not being limited to, Plaintiff's demotions and ultimate termination from employment.

47. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional and discriminatory conduct.

**COUNT IV: RETALIATION (CGS § 46a-60 *et seq.*)**

48. Plaintiff incorporates by reference Paragraphs 1 through 47 as if fully set forth herein.

49. By the aforesaid actions, Defendants have violated CGS § 46a-60 by retaliating against Plaintiff because of his opposition to Defendants' discriminatory employment practices.

50. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional and retaliatory conduct.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court:

(1) declare that the actions complained of in this Complaint are unlawful;

(2) order the Defendants to make Plaintiff whole;

(3) order that the Defendants pay Plaintiff compensatory damages;

(4) order that the Defendants pay Plaintiff punitive damages;

(5) retain jurisdiction of this action to ensure full compliance;

(6) order any and all equitable relief sought in this Complaint;

(7) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorney's fees;

(8) grant such other legal or equitable relief to Plaintiff as the court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

> Respectfully submitted by,
> Plaintiff,
> By and through his attorney,
>
> */s/  Daniel T. Angelone, # CT29307*
> Daniel T. Angelone (# CT29307)
> ANGELONE LAW OFFICES, L.L.C.
> 799 Silver Lane
> 2nd Floor
> Trumbull, CT  06611
> 203-378-2979
> 203-375-5003 (fax)
> daniel@angelonelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| **MR. DAVID LOPIANO,** | : | |
| *Plaintiff,* | : | |
| v. | : | C.A. No.: **3:18-cv-1757** |
| **CBTS TECHNOLOGY SOLUTIONS, LLC AND ONX USA, LLC d/b/a ONX ENTERPRISE SOLUTIONS,** | : | |
| *Defendants.* | : | |
| | : | **OCTOBER 25, 2018** |

**JURISDICTIONAL AMOUNT SUFFICIENCY**

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

                                            Respectfully submitted by,
                                            Plaintiff,
                                            By and through his attorney,

                                            */s/ Daniel T. Angelone, # CT29307*
                                            Daniel T. Angelone (# CT29307)
                                            ANGELONE LAW OFFICES, L.L.C.
                                            799 Silver Lane
                                            2nd Floor
                                            Trumbull, CT  06611
                                            203-378-2979
                                            203-375-5003 (fax)
                                            daniel@angelonelaw.com